Safia A. Anand (SA 2386)
Martin J. Feinberg
OLSHAN FROME WOLOSKY LLP
*Attorneys for Plaintiff*
Park Avenue Tower, 65 East 55th Street
New York, New York 10022
(212) 451-2300
sanand@olshanlaw.com

and

Michael W.O. Holihan
Hailey S. P. Blevins
Holihan Law
1101 North Lake Destiny Road, Suite 275
Maitland, FL 32751
(407) 660-8575
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIKE, INC.,<br><br>                              Plaintiff,<br><br>-against-<br><br>JOHN DOE 1 A/K/A CHANGHE CORP.;<br>JOHN DOE 2 A/K/A GOLDEN<br>MANAGEMENT LLC; JOHN DOE 3<br>A/K/A SOLE USA, INC.; JOHN DOE 4<br>A/K/A AFFORDABLE DEALS, INC.;<br>JOHN DOE 5 A/K/A YANG YANG<br>TRADING, INC.; JOHN DOE 6 A/K/A<br>HOME EXPRESS TRADING, INC.;<br>JOHN DOE 7 A/K/A CENOZOIC<br>INTERNATIONAL, INC.; JOHN DOE 8<br>A/K/A CENOZOIC INTERNATIONAL, | Civil Action No.<br><br>COMPLAINT |

1

INC.; JOHN DOE 9 A/K/A CENOZOIC
INTERNATIONAL, INC.; JOHN DOE 10
A/K/A SUPER TRADING USA, INC.;
JOHN DOE 11 A/K/A LUXEM
ENTERPRISE LLC; JOHN DOE 12
A/K/A DGM RESTAURANT SUPPLIES
INC.; JOHN DOE 13 A/K/A OSSMON
ENTERPRISE LLC; JOHN DOE 14
A/K/A A&P TEAM COMPANY A/K/A
THE GREAT ATLANTIC & PACIFIC
TEA COMPANY, INC. ; JOHN DOE 15
A/K/A LIVING WATER TRADING,
INC.; JOHN DOE 16 A/K/A GIFTCO
INC.; JOHN DOE 17 A/K/A AMICI
IMPORTS, LLC and JOHN DOE 18
A/K/A AMICI IMPORTS, LLC

Defendants.

# COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND VIOLATION OF TARIFF ACT

Plaintiff, NIKE, Inc., by its attorneys, Olshan Frome Wolosky LLP and Holihan Law, allege on knowledge as to its own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1. This is an action for trademark counterfeiting, trademark infringement, false designation of origin and violation of the Tariff Act. Plaintiff, NIKE, Inc. ("Nike") seeks expedited discovery, an injunction, damages and related relief.

2

2518165-1

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.  Plaintiff's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq.  Venue is properly founded in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

3.     Nike is an Oregon corporation and maintains its principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

4.     Defendant, JOHN DOE 1 A/K/A CHANGHE CORP. ("Doe #1" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about March 31, 2011, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-1. Doe #1's current address and location is not presently known.

5.     Defendant, JOHN DOE 2 A/K/A GOLDEN MANAGEMENT LLC ("Doe #2" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes

2518165-1

bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about January 5, 2012, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-2. Doe #2's current address and location is not presently known.

6.     Defendant, JOHN DOE 3 A/K/A SOLE USA, INC. ("Doe #3" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about December 2, 2011, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-3. Doe #3's current address and location is not presently known.

7.     Defendant, JOHN DOE 4 A/K/A AFFORDABLE DEAL, INC. ("Doe #4" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about December 30, 2011, as depicted in the U.S. Customs and Border Protection seizure notice attached

4

hereto as Exhibit A-4. Doe #4's current address and location is not presently known.

8.     Defendant, JOHN DOE 5 A/K/A YANG YANG TRADING, INC ("Doe #5" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about February 12, 2012, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-5. Doe #5's current address and location is not presently known.

9.     Defendant, JOHN DOE 6 A/K/A HOME EXPRESS TRADING, INC. ("Doe #6" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about January 2, 2012, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-6. Doe #6's current address and location is not presently known.

10.     Defendant, JOHN DOE 7 A/K/A CENOZOIC

INTERNATIONAL, INC. ("Doe #7" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about February 10, 2012, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-7. Doe #7's current address and location is not presently known.

11. Defendant, JOHN DOE 8 A/K/A CENOZOIC INTERNATIONAL, INC. ("Doe #8" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about February 12, 2012, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-8. Doe #8's current address and location is not presently known.

12. Defendant, JOHN DOE 9 A/K/A CENOZOIC INTERNATIONAL, INC. ("Doe #9" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable

imitations of Nike's trademarks through the Port of Newark on or about March 1, 2012, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-9. Doe #9's current address and location is not presently known.

13.     Defendant, JOHN DOE 10 A/K/A SUPER TRADING USA, INC. ("Doe #10" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about September 16, 2012, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-10. Doe #10's current address and location is not presently known.

14.     Defendant, JOHN DOE 11 A/K/A LUXEM ENTERPRISE LLC ("Doe #11" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about January 29, 2013, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-11. Doe #11's current address is 40C Cotters Lane, Suite B,

East Brunswick, NJ 08816.

15.    Defendant, JOHN DOE 12 A/K/A DGM RESTAURANT SUPPLIES INC. ("Doe #12" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about September 27, 2012, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-12. Doe #12's current address is 50 Delancey Street, New York, NY 10002.

16.    Defendant, JOHN DOE 13 A/K/A OSSMON ENTERPRISE LLC ("Doe #13" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about April 18, 2013, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-13. Doe #13's current address and location is not presently known.

17.    Defendant, JOHN DOE 14 A/K/A A&P TEAM COMPANY A/K/A THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. ("Doe

8

#14" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about April 15, 2013, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-14. Doe #14's current address is 2 Paragon Drive, Montvalle, NJ 07645.

18.     Defendant, JOHN DOE 15 A/K/A LIVING WATER TRADING, INC.  ("Doe #15" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about July 31, 2013, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-15. Doe #15's current address and location is not presently known.

19.     Defendant, JOHN DOE 16 A/K/A GIFTCO INC. ("Doe #16" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the

Port of Newark on or about January 18, 2013, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-16. Doe #16's current address and location is not presently known.

20.     Defendant, JOHN DOE 17 A/K/A AMICI IMPORTS, LLC ("Doe #17" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about March 13, 2013, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-17. Doe #17's current address is 335 Centennial Avenue, Cranford, NJ 07016.

21.     Defendant, JOHN DOE 18 A/K/A AMICI IMPORTS, LLC ("Doe #18" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of Nike's trademarks through the Port of Newark on or about March 13, 2013, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit A-18. Doe #18's current address is 335 Centennial Avenue, Cranford, NJ 07016.

22.    The Complaint herein will be amended, if appropriate, to include the name or names of the John Doe individuals and/or entities when such information becomes available.

## NIKE'S FAMOUS TRADEMARKS

23.    Since 1971, Nike has advertised, offered for sale, and sold footwear and other related products throughout the United States. Nike's sneakers have been widely advertised, offered for sale and sold throughout the United States under various distinctive trademarks, including but not limited to, "NIKE," "NIKE AIR," the distinctive "Swoosh" Design, which sometimes is used in conjunction with the "NIKE" trademark or the "NIKE AIR" trademark, the "AIR JORDAN" trademark, the "Jumpman" Design trademark, the "JUST DO IT" trademark, and the "AIR FORCE 1" trademark. The Nike trademarks have at all relevant times been owned by Nike or its predecessor.

24.    As a result of their exclusive and extensive use, the Nike trademarks have acquired enormous value and recognition in the United States and throughout the world. The Nike trademarks are well known to the consuming public and trade as identifying and distinguishing Nike exclusively and uniquely as the source of origin of the high quality products to which the

2518165-1

marks are applied.   The Nike trademarks are both inherently distinctive and famous.

25.   The Nike trademarks registered in the United States Patent and Trademark Office for footwear include the following (hereinafter collectively the "Nike Trademarks"):

| MARK | DESIGN | REGISTRATION NO. | DATE OF ISSUANCE | CLASS |
|---|---|---|---|---|
| SWOOSH DESIGN | | 977,190 | 1/22/74 | 25 |
| NIKE | | 978,952 | 2/19/74 | 25 |
| SWOOSH | | 1,200,529 | 7/6/82 | 25 |
| NIKE | | 1,214,930 | 11/2/82 | 25 |
| NIKE AIR COMPOSITE MARK | | 1,284,386 | 7/3/84 | 25 |
| NIKE AIR | | 1,307,123 | 11/27/84 | 25 |
| SWOOSH DESIGN | | 1,323,342 | 3/5/85 | 25 |
| SWOOSH DESIGN | | 1,323,343 | 3/5/85 | 25 |
| NIKE COMPOSITE DESIGN | | 1,325,938 | 3/19/85 | 25 |

12

2518165-1

| | | | | |
|---|---|---|---|---|
| SWOOSH AIR DESIGN | | 2,068,075 | 6/3/97 | 25 |
| NIKE TREAD DESIGN | | 3,451,904 | 6/24/08 | 25 |
| NIKE SHOE DESIGN AND STITCHING | | 3,451,905 | 6/24/08 | 25 |
| AIR FORCE 1 | | 3,520,484 | 10/21/08 | 25 |
| SHOX DESIGN | | 2,584,382 | 6/5/02 | 25 |
| ACG NIKE | | 2,117,273 | 12/2/97 | 25 |
| JUST DO IT. | | 1,875,307 | 1/24/95 | 25 |
| AIR MAX | | 1,508,348 | 10/11/88 | 25 |
| SWOOSH PINWHEEL | | 3,826,832 | 8/3/10 | 25 |
| PRESTO | | 2,716,140 | 5/13/03 | 25 |
| AIR-SOLE | | 1,145,812 | 1/31/81 | 25 |

2518165-1

| | | | | |
|---|---|---|---|---|
| SWINGMAN | | 2,571,726 | 5/21/2002 | 25 |
| JUMPMAN DESIGN | | 1,558,100 | 9/26/89 | 25 |
| JUMPMAN DESIGN | | 1,742,019 | 12/22/92 | 25 |
| AIR JORDAN | | 1,370,283 | 11/12/85 | 25 |

26.     Most of the foregoing registrations have achieved incontestable status pursuant to 15 U.S.C. §1065. Nike also owns numerous registrations for the Nike Trademarks for goods and services other than footwear.

## DEFENDANTS' WRONGFUL ACTIVITIES

27.     Each of the Defendants has imported, distributed, transported and/or assisted in the importation, distribution and transportation of footwear bearing unauthorized reproductions, copies, counterfeits and colorable imitations of the Nike Trademarks (the "Counterfeit Footwear").

28.     Upon information and belief, the Defendants have imported, distributed, transported, and/or assisted in the importation, distribution and

14

transportation of the Counterfeit Footwear into the Port of Newark and this District.

29.   Upon information and belief, the Defendants have obtained the Counterfeit Footwear from the same source(s).

30.   Upon information and belief, each Defendant, individually or in conspiracy with the other named Defendants, imported, distributed and/or transported the Counterfeit Footwear.

31.   Nike has never at any time authorized the Defendants to import, distribute, transport, sell and/or offer for sale any products bearing the Nike Trademarks, including but not limited to the Counterfeit Footwear.

32.   The acts of Defendants in importing, distributing and transporting in interstate commerce products bearing counterfeits of the Nike Trademarks are: (a) likely to cause confusion and mistake among the consuming public that all such products originate with Nike; (b) likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendants with Nike; and/or (c) likely to cause confusion and mistake among the consuming public that said products and services are being offered to the consuming public with the sponsorship or approval of Nike.

2518165-1

33.    Defendants imported, distributed and transported the Counterfeit Footwear knowing these goods bore counterfeits of the Nike Trademarks, or willfully ignored whether these goods bore counterfeits of the Nike Trademarks.  Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said goods and, to gain, the benefit of the enormous goodwill associated with the Nike Trademarks.

## FIRST CLAIM FOR RELIEF
## (TRADEMARK COUNTERFEITING)

34.    Nike repeats each and every allegation set forth in paragraphs 1 through 33 above as if fully set forth herein.

35.    Nike owns the exclusive trademark rights to the trademarks detailed in this Complaint.

36.    The Nike Trademarks, as they are being used by Defendants, are identical to or substantially indistinguishable from the registered Nike Trademarks.  Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

37.     Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT)

38.     Nike repeats each and every allegation set forth in paragraphs 1 through 37 above as if fully set forth herein.

39.     Defendants' use of the Nike Trademarks, without Nike's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of footwear and other products bearing counterfeit and infringing Nike Trademarks.

40.     Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## (FALSE DESIGNATION OF ORIGIN)

41.     Nike repeats each and every allegation set forth in paragraphs 1 through 40 above as if fully set forth herein.

2518165-1

42.     Defendants' use of the Nike Trademarks, without Nike's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the footwear imported and distributed by Defendants bearing infringements and counterfeits of the Nike Trademarks.

43.     Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## (VIOLATION OF TARIFF ACT)

44.     Nike repeats each and every allegation set forth in paragraphs 1 through 43 above as if fully set forth herein.

45.     Defendants imported Counterfeit Footwear bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the Nike Trademarks in violation of the 19 U.S.C. § 1526(a).

2518165-1

46.     Nike has filed copies of its federal trademark registrations covering of one or more of the Nike Trademarks with the Department of Treasury and U.S. Customs and Border Protection.

47.     Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

WHEREFORE, Nike demands entry of a judgment against each and every Defendant as follows:

48.     Permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(a)     imitating, copying or making unauthorized use of the Nike Trademarks;

(b)     manufacturing, importing, exporting, distributing, transporting, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy or colorable imitation of the Nike Trademarks;

2518165-1

(c)    using any unauthorized reproduction, counterfeit, copy of colorable imitation of the Nike Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation, transportation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Nike or to any goods sold, sponsored, approved by, or connected with Nike;

(d)    engaging in any other activity constituting unfair competition with Nike, or constituting an infringement of the Nike Trademarks or of Nike's rights in, or its right to use or exploit such trademarks;

(e)    making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of Nike, or that is false or misleading with respect to Nike; and

(f)    engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized reproductions, counterfeits, copies and colorable imitations of the Nike Trademarks, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading,

avoiding or otherwise violating the prohibitions set forth in subsections (a) through (e) above.

49. Directing Defendants to deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing resemblance to the Nike Trademarks and/or any unauthorized reproductions, copies, or colorable imitations thereof.

50. Directing such other relief as the Court may deem appropriate to prevent any erroneous impression among the trade and/or public that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by Nike or is related to or associated in any way with Nike's products.

51. Requiring Defendants to account and pay over to Nike, all profits realized by their wrongful acts and directing that such profits be trebled due to Defendants' willful actions.

52. Awarding Nike, at its election, statutory damages in the amount of $2,000,000.00 per mark for each type of good used by the Defendants on or in connection with the counterfeits of the Nike Trademarks.

53.    Awarding Nike its costs and reasonable attorneys' and investigatory fees and expenses, together with pre-judgment interest.

54.    Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

55.    Awarding Nike such other and further relief as the Court may deem just and proper.

2518165-1

Dated:  New York, New York
        March 3, 2014

                                   OLSHAN FROME WOLOSKY LLP

                            By   _____

                                   Safia A. Anand
                                   Martin J. Feinberg
                                   *Attorneys for Plaintiff NIKE, Inc.*
                                   Park Avenue Tower
                                   65 East 55th Street
                                   New York, New York 10022
                                   (212) 451-2300

                                   and

                                   Michael W.O. Holihan
                                   Hailey S. P. Blevins
                                   Holihan Law
                                   *Attorneys for Plaintiff NIKE, Inc.*
                                   1101 North Lake Destiny Road,
                                   Suite 275
                                   Maitland, FL 32751
                                   (407) 660-8575